IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| SHAROLYN RUSSELL, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 5:21-cv-108 |
| § | |
| ANNETT HOLDINGS, INC. DBA TMC § | |
| TRANSPORT, | |
| Defendant. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** Sharolyn Russell, hereinafter called Plaintiff, complaining of and about Annett Holdings, Inc., dba TMC Transport, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.      Plaintiff, Sharolyn Russell, is a citizen of the United States and the State of Texas and resides in Bowie County, Texas.

2.      Defendant, Annett Holdings, Inc., dba TMC Transport, is a transportation company, USDOT# 87409, whose principal place of business located at 6115 SW Leland Avenue, Des Moines, Iowa 50321.   This Defendant is authorized to engage in the trucking industry within the State of Texas and may be served with process by serving its registered agent for service: C T Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060-6808.

3.      Ernest Mendoza, Jr. was at all relevant times an agent, servant and employee of the Defendant, both in fact and in law.

## JURISDICTION

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## FACTS

6. On or about December 2, 2020, Plaintiff was operating a 2012 Honda Accord, traveling west on US Hwy 82, in New Boston, Bowie County, Texas.  Ernest Mendoza, Jr. was operating a commercial 2019 Peterbuilt tractor-trailer owned by Defendant, and was exiting the parking lot of a truck stop located at 1888 US Hwy 82 West, New Boston, Texas, when he pulled out onto the road without yielding the right-of-way to Plaintiff, causing Plaintiff to violently crash into Defendant's tractor-trailer.  The unanticipated collision caused serious bodily injuries and damages to Plaintiff.  Ernest Mendoza, Jr. failed to yield the right-of-way to Plaintiff.

## NEGLIGENCE BY DEFENDANT

7. Plaintiff will show the Court that the acts and omissions of negligence of Defendant, as set out herein, separately and collectively, were a direct and proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.  The acts and/or omissions of negligence among others are as follows:

    a) Negligently hiring a dangerous and/or unqualified driver;

    b) Failing to comply with State and Federal traffic and safety regulations, by hiring a dangerous and/or unqualified driver;

    c)    Failing to provide mandated or industry-specific instruction to Ernest Mendoza, Jr. in operating a tractor-trailer;

    d)    Failing to comply with State and Federal traffic and safety regulations, by failing to verify the driving history of Ernest Mendoza, Jr.; and

    e)    Failing to properly screen, evaluate, investigate or take any reasonable steps to determine whether Ernest Mendoza, Jr. was unfit, incompetent or a danger to third parties.

Each of these acts or omissions, taken singularly or in combination with others, constitutes negligence and was the direct and proximate cause of the injuries and damages sustained by Plaintiff.

**NEGLIGENCE BY DEFENDANT'S AGENT, SERVANT AND EMPLOYEE**

8.    Plaintiff will show the Court that the acts and omissions of negligence of Defendant's agent, servant and employee, as set out herein, separately and collectively, were a direct and proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.  The acts and/or omissions of negligence by Defendant's agent, servant and employee, among others are as follows:

    a)    Entering a highway from a private drive or roadway when it could not be done without interfering with traffic having the right of way.

    b)    Failure to keep a proper lookout; and,

    c)    Entering a highway from a private drive or roadway when it could not be done safely.

Plaintiff seeks all available damages for injuries caused by Defendant's negligence.

**DAMAGES**

9.    Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a)    Emotional pain;

b)   Loss of enjoyment of life;

c)   Physical pain and suffering in the past;

d)   Physical pain and suffering in the future;

e)   Mental anguish in the past;

f)   Mental anguish in the future;

g)   Reasonable medical care and expenses in the past.   These expenses were incurred by Plaintiff and such charges are reasonable and were usual and customary charges for such services in Bowie County, Texas;

h)   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

i)   Loss of earnings; and,

j)   Property damage.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By:   /s/ Errol N. Friedman
Errol N. Friedman, Lead Attorney for Plaintiff
Texas Bar No. 07463000
enfriedman@texarkanalegal.com
FRIEDMAN LAW OFFICE
200 West Broad St.
Texarkana, Texas 75501
Tel. (903)794-3626 | Fax. (903)792-0468